JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON HUEZO,<br><br>         Plaintiff,<br><br>    v.<br><br>QUANTIC OHMEGA TICER, ET AL.,<br><br>         Defendants. | No. 2:25-cv-00142-AJR<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND (DKT. 11)** |

## I.
## INTRODUCTION

On October 31, 2024, Plaintiff Nelson Huezo ("Plaintiff") filed a Complaint for Damages (the "Complaint") in the Los Angeles County Superior Court against Quantic Ohmega Ticer, aka Ohmega Tehcnologies, LLC, Ohmega Technologies, Inc., and Marian Yacoub (collectively, the "Defendants"). (Dkt. 1-4.) On January 6, 2025, Defendants filed an Answer in the Los Angeles County Superior Court. (Dkt. 1-8.) Also on January 6, 2025, Defendants filed a Notice of Removal of the action to the U.S. District Court for the Central District of California (the "Notice of Removal"). (Dkt. 1.)

Defendants' Notice of Removal is based on diversity jurisdiction. (Id. at 4.)

Defendants acknowledge that complete diversity does not exist on the face of the Complaint because Marian Yacoub is a California resident. (Id. at 5-6.) However, Defendants contend that Marian Yacoub is a sham and nominal defendant. (Id.) Specifically, Defendants contend that Plaintiff has failed to state a claim against Marian Yacoub and cannot do so under applicable California law. (Id. at 6-10.)

On January 21, 2025, the Court found that it was appropriate to resolve the instant jurisdictional issue before moving the case forward and setting a scheduling conference. (Dkt. 8.) Accordingly, the Court directed the parties to meet and confer with regard to next steps. (Id. at 2.) On February 3, 2025, the parties filed a joint status report stating that they had not reached an agreement regarding the issue of the Court's jurisdiction, and the Court therefore set a briefing scheduling for a motion to remand. (Dkts. 9-10.) On February 5, 2025, Plaintiff filed a Motion to Remand (the "Motion to Remand") this action to the Los Angeles County Superior Court, and on February 12, 2025, Defendants filed an Opposition (the "Opposition"). (Dkts. 11-12.) On February 19, 2025, Plaintiff filed a Reply in support of the Motion to Remand (the "Reply"). (Dkt. 15.)

For the reasons stated below, the Court finds that Defendants have failed to meet their burden to establish sufficient grounds for removal to federal court on the basis of diversity jurisdiction. Accordingly, the Court Orders this action REMANDED to the Los Angeles County Superior Court.

## II.
## LEGAL STANDARD

Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal

2

courts have original subject matter jurisdiction where an action presents either a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. Generally, a court has diversity jurisdiction only when there is complete diversity of citizenship among adverse parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. See 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005); see also Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) ("It is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." (internal quotation marks and brackets omitted)). If there is any doubt as to whether removal is proper, remand must be ordered. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). "The party seeking removal bears the burden of establishing federal jurisdiction." Id.

"[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant." Nasrawi v. Buck Consultants, LLC, 776 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011). A non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). "Claims for fraudulent joinder are reviewed on a standard similar to or more lenient than the standard for motions to dismiss." Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 995 (D. Nev. 2005). "[B]ecause the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants, the

3

standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled." Id. (citations omitted). A party seeking to avoid remand based on the inclusion of an alleged sham defendant must prove fraudulent joinder by clear and convincing evidence. See Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

## III.
## DISCUSSION

**A.  Whether There Is Any Possibility That Plaintiff Can State A Claim Under FEHA Against Defendant Marian Yacoub.**

The Complaint alleges three claims against Marian Yacoub: (1) hostile work environment under the California Fair Employment and Housing Act ("FEHA") (Dkt. 1-4 at 19-21); (2) Intentional Infliction of Emotional Distress ("IIED") (id. at 24-27); and (3) violations of California Business and Professional Code Section 17200 (id. at 27-30). Defendant argues that Plaintiff cannot possibly state any of these three claims against Marian Yacoub, and that therefore Marian Yacoub is a sham defendant which the Court may ignore for purposes of assessing diversity jurisdiction. (Dkt. 12 at 6-12.)

**1.   Factual Allegations In The Complaint Regarding The Conduct Of Marian Yacoub.**

Plaintiff makes the following allegations regarding the conduct of Mariam Yacoub[1]:

On or around 2022, Plaintiff filed a worker's compensation action regarding a

---

[1] The Court understands Plaintiff's use of "Defendants" to include Marian Yacoub, and that Yacoub was a "managing and/or supervising" agent. (See Dkt. 1-4 at 3-4, ¶ 3.)

4

1  lower back industrial injury.  (Dkt. 1-4 at 6.)  Plaintiff was given work restrictions
2  and was able to perform the essential functions of his employment.  (Id.)
3  Defendants did not honor those restrictions, but Plaintiff continued to work for
4  Defendants.  (Id.)  Plaintiff took protected leave on or around March 2023 to
5  undergo surgery related to his medical condition, diabetes.  (Id.)  This involved a
6  partial amputation of Plaintiff's foot.  (Id.)  Plaintiff's medical condition rendered
7  him disabled.  (Id.)  Defendants were aware of the nature of Plaintiff's disabilities
8  and medical condition.  (Id.)

9        Plaintiff had a return date set for early December 2023.  (Id. at 7.)  After
10 Plaintiff recovered from surgery, Plaintiff notified Defendants that he was ready to
11 return to work with the same restrictions he had in place previously.  (Id.)  When
12 Plaintiff handed his doctor's note to Defendants, including Yacoub, Defendants
13 "ridiculed Plaintiff in disgust, and excused him from work."  (Id.)  Defendants
14 thereafter "ignored Plaintiff altogether, and refused his request to return to work for
15 several weeks."  (Id.)  Plaintiff followed up several times, but Yacoub and
16 Defendants continued to ignore him.  (Id.)  On or about December 20, 2023,
17 Defendants terminated Plaintiff.  (Id.)

18       **2.**    **Hostile Work Environment Under FEHA.**

19       To state a claim for hostile work environment in violation of FEHA, a
20 plaintiff must demonstrate:  (1) membership in a protected group; (2) harassment
21 because plaintiff belonged to this group; and (3) harassment so severe that it created
22 a hostile work environment.  See Lawler v. Montblanc N. Am., LLC, 704 F.3d
23 1235, 1244 (9th Cir. 2013).  FEHA prohibits harassment based on "physical
24 disability" or "medical condition."  See Cal. Gov. Code § 12940(j)(1).

25       Defendants do not contest that Plaintiff is alleged to be a member of a
26 protected group or that he alleges harassment based on belonging to that group.
27 (Dkt. 12 at 6-8.)  Rather, Defendants argue that Plaintiff's claims against Defendant
28

5

1  Yacoub fail because Plaintiff must allege a "concerted pattern of harassment of a
2  repeated, routine or a generalized nature," to state a claim for hostile work
3  environment under FEHA.  (Id. at 6 (quoting Aguilar v. Avis Rent A Car Sys., Inc.,
4  21 Cal. 4th 121, 131 (1999)).)  Defendants contend that Plaintiff cannot state a
5  FEHA claim against Defendant Yacoub because the Complaint contains "no
6  allegations of either continuous or pervasive harassment."  (Id. at 7.)  Defendants
7  argue that actionable "harassment [under FEHA] cannot be occasional, isolated,
8  sporadic, or trivial," but rather must be "sufficiently severe or pervasive to alter the
9  conditions of the victim's employment and create an abusive working environment."
10 (Id. (quoting Fisher v. San Pedro Peninsula Hosp., 214 Cal. App. 3d, 590, 610
11 (1989), and Kelly-Zurian v. Wohl Shoe Co., Inc., 22 Cal. App. 4th 397, 409
12 (1994)).)  Defendants contend that the factual allegations in the Complaint "[do] not
13 establish a concerted pattern of hostile environment harassment, based on either
14 Plaintiff's physical/medical condition or age," as required by the applicable
15 California law.  (Id.)

16  **3.  Analysis.**

17  In Bailey v. San Francisco Dist. Attorney's Off., 16 Cal. 5th 611 (2024), the
18 California Supreme Court clarified the law under FEHA by holding that "although
19 viable hostile work environment claims often involve repeated conduct, it is not
20 required."  Id. at 629.  The California Supreme Court explained that actionable
21 harassment must be "sufficiently severe *or* pervasive to alter the conditions of the
22 victim's employment and create an abusive work environment."  Id. (internal
23 quotation marks omitted).  The California Supreme Court further explained that
24 "[t]his standard allows that an isolated incident of harassment, if extremely serious,
25 can create a hostile work environment."  Id. (internal quotation marks omitted).
26 Finally, the California Supreme Court explained that to the extent its prior opinion
27 in Aguilar had been read to stand for the proposition that an isolated incident could
28

6

not constitute actionable harassment, "we disapprove this reading." Id. at 631 n.6.

Thus, the California Supreme Court's opinion in Bailey expressly disclaims the interpretation of Aguilar upon which Defendants rely. (Dkt. 12 at 6 (quoting Aguilar, 21 Cal. 4th at 131, for the proposition that "plaintiff must show a 'concerted pattern of harassment of a repeated, routine or a generalized nature.'").) Because an isolated incident can constitute actionable harassment under FEHA, the Court cannot say that Plaintiff's FEHA claim fails due to the absence of allegations supporting "a concerted pattern" of harassment. (Dkt. 12 at 7.) Moreover, the California Supreme Court's opinion in Bailey recognizes that "[h]arassment claims are inherently fact specific" and therefore courts "need to consider the totality of the circumstances when assessing the severity of harassment." Bailey, 16 Cal. 5th at 632. Accordingly, the Court cannot conclude at this stage of the proceedings that Plaintiff's allegations of harassment against Defendant Yacoub are not sufficiently severe to be actionable under FEHA. See Dunn v. Infosys Ltd., 2012 WL 4761901, at *4 (N.D. Cal. Oct. 5, 2012) ("Whether the conduct was severe or pervasive enough to create a hostile or abusive working environment depends on the totality of the circumstances, and is ordinarily a question of fact."); see, e.g., Felix v. California, 2013 WL 3730176, at *6 n.4 (E.D. Cal. July 12, 2013) (denying in part defendants' motion to dismiss a FEHA claim due to the lack of "a complete evidentiary record" and "stress[ing] that a showing of facial plausibility at the pleading stage does not necessarily mean that Plaintiffs will ultimately prevail on summary judgment or at trial").

Finally, Defendants contend that Plaintiff failed to allege an actionable harassment claim because "commonly necessary personnel management actions such as hiring and firing" do not fall within the scope of harassment claims under FEHA. (Dkt. 12 at 8 (citing Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 64–65 (1996)).) However, Plaintiff's allegations clearly extend beyond "commonly

necessary personnel management actions." For example, "[w]hen Plaintiff handed his doctor's note to Defendants, including YACOUB, Defendants ridiculed Plaintiff in disgust, and excused him from work. Defendants thereafter ignored Plaintiff altogether, and refused his request to return to work for several weeks. Plaintiff followed up several times, but YACOUB and Defendants continued to ignore him." (Dkt. 1-4 at 7.) Thus, the Court concludes that Defendants have not conclusively demonstrated, under a totality of the circumstances, and resolving any ambiguity in favor of Plaintiff, that Plaintiff could not recover against Defendant Yacoub under FEHA.[2] See Dunn, 2012 WL 4761901, at *4 ("Defendants have not conclusively demonstrated that, under a totality of the circumstances, Rastogi's behavior could not have been sufficiently severe or pervasive as to constitute harassment. Resolving any ambiguities in favor of the Plaintiff, Defendants have not met their burden to show that the Plaintiff could not recover against Rastogi under California law.").

---

[2] Defendants appear to suggest that Yacoub cannot be held individually liable under FEHA because she was acting within the scope of her employment and therefore "any liability arising from Yacoub's action[s] . . . is imputed to her employer under the doctrine of *respondeat superior*." (Dkt. 12 at 13 (citing Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003)).) In Mercado, the Ninth Circuit held that an insurance agent could not be held individually liable, and therefore was a sham defendant, in an insurance bad faith action against the agent's employer, Allstate Insurance Company. Mercado, 340 F.3d at 826. However, the Ninth Circuit's decision in Mercado was based on California case law holding that insurance agents are not independently liable for the negligent failure to provide adequate insurance. See Lippert v. Bailey, 241 Cal.App.2d 376, 382–83 (1966). By contrast, California law is crystal clear that employees may be held individually liable for FEHA harassment claims. See Cal. Gov. Code § 12940(j)(3); Scott v. Solano Cnty. Health & Soc. Servs. Dep't, 459 F. Supp. 2d 959, 966 (E.D. Cal. 2006) ("In 2001, . . . the California Legislature amended FEHA's harassment provision expressly holding individual employees liable for their harassment."). Accordingly, Defendants' reliance on Mercado is misplaced.

**B. Because Defendants Have Not Met Their Burden To Show That Plaintiff Could Not Possibly State A Claim Against Defendant Yacoub, Yacoub Is Not A Sham Defendant And Therefore The Parties Are Not Completely Diverse.**

Having found that Plaintiff has sufficiently alleged a FEHA harassment claim at this stage of the proceedings, the Court need not address Defendants' arguments that Plaintiff failed to adequately state an IIED claim or a claim pursuant to Business & Professional Code § 17200. See Dunn, 2012 WL 4761901, at *5 ("Because the Defendants have not met their burden regarding Plaintiff's FEHA [h]arassment claim, the Court need not reach the question of whether the allegations against Rastogi are sufficient to state a plausible claim for IIED."). Indeed, "Defendants can establish fraudulent joinder only by showing that the defendant who purportedly destroys complete diversity cannot be liable on any theory." Batacan v. Allscripts Healthcare, LLC, 2021 WL 2139065, at *2 (C.D. Cal. May 25, 2021) (internal quotation marks omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009) ("[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." (internal quotation marks omitted)). Because Defendant Yacoub is not a sham defendant for the reasons explained above, and because it is undisputed that both Plaintiff and Defendant Yacoub are residents of California, the parties are not completely diverse. Accordingly, the Court therefore lacks subject matter jurisdiction.

\\

\\

# IV.
# ORDER

Consistent with the foregoing, Plaintiff's Motion to Remand (Dkt. 11) is GRANTED. This action is REMANDED to the Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: March 5, 2025    _____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE